UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBIN LYNN GARNER,

                Plaintiff,

v.

**DECISION AND ORDER**
16-CV-593S

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,[1]

                Defendant.

      1.      Plaintiff Robin L. Garner challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since September 20, 2007, due to injuries to her right side, depression, and headaches. Plaintiff argues that her impairments have rendered her unable to work. She therefore asserts that she is entitled to supplemental security income ("SSI") payments under the Act.

      2.      This is Plaintiff's second appeal to this Court. Plaintiff initially filed an application for SSI benefits on April 10, 2009. The Commissioner denied the application on August 11, 2009, after which Plaintiff timely filed a request for a hearing. Pursuant to Plaintiff's request, ALJ William M. Weir held an administrative hearing on January 11, 2011, at which Plaintiff appeared and testified without the assistance of an attorney or other representative. The ALJ considered the case *de novo*, and on February 22, 2011, issued a decision denying Plaintiff's application for benefits. On August 14, 2012, the

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. She is substituted for Carolyn W. Colvin as the defendant in this action under Rule 25 (d) of the Federal Rules of Civil Procedure.

1

Appeals Council denied Plaintiff's request for review. On October 10, 2012, Plaintiff filed her first appeal in this Court. See Garner v. Colvin, 12-CV-949S, Docket No. 1. After negotiation, the Commissioner agreed to voluntarily remand the case. On April 30, 2013, a text order and judgment were issued remanding the case for further administrative proceedings. See id., Docket Nos. 7, 8.

3. On remand, the Appeals Council vacated the ALJ's February 22, 2011 decision and ordered a new hearing. On June 16, 2014, Plaintiff appeared and testified at the second hearing, this time represented by counsel. Also appearing and testifying were medical expert Arthur Lorber and vocational expert Jay Steinbrenner. On April 22, 2015, the ALJ denied Plaintiff's application for benefits. On July 8, 2016, the Appeals Council denied Plaintiff's request for review.

4. Plaintiff filed the current civil action on July 20, 2016, challenging Defendant's final decision.[2] (Docket No. 1.) On April 14, 2017, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 13.) Defendant filed a Motion for Judgment on the Pleadings on July 13, 2017. (Docket No. 17.) This Court took the motions under advisement without oral argument. For the following reasons, Plaintiff's motion is granted, Defendant's motion is denied, and this case is remanded to the Commissioner.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there

---

[2] The ALJ's April 22, 2015 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity

of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

> 8. This five-step process is detailed below:
>
> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      10.    In this case, the ALJ made the following findings with regard to the five-step process, set forth above: (1) Plaintiff has not engaged in substantial gainful activity since September 20, 2007, the date she filed her previous application (R. at 303); (2) Plaintiff's right shoulder impingement syndrome, right wrist tenosynovitis, cervicalgia, left hip internal derangement, bilateral knee impairment, degenerative changes in the lumbar spine, spina bifida defects, migraine headaches, hypertension, Langerhans histiocytosis, asthma, depressive order, anxiety disorder, and substance abuse disorder constitute "severe" impairments within the meaning of the Act (R. at 306); (3) Plaintiff's impairments do not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work[3] (R. at 308); and (5) Plaintiff is able to perform her past relevant work as a cashier (R. at 313). Ultimately, the ALJ determined that Plaintiff was not disabled, as defined by the Act, at any time from September 20, 2007, through the date of his decision on April 22, 2015. (R. at 315.)

      11.    Plaintiff argues that the ALJ did not properly evaluate the opinion of the Commissioner's own medical expert, Dr. Lorber, making the ALJ's RFC findings unsupported by substantial evidence. Under SSR 85-28 and SSR 96-8p, an impairment

---

[3] The ALJ found that Plaintiff can lift/carry up to 20 pounds occasionally and up to 10 pounds frequently. During an eight-hour workday, she can sit for up to six hours and stand/walk for up to six hours with normal breaks. She can frequently reach (including overhead), grip, and grasp bilaterally but can only use her right dominant hand occasionally. She should avoid exposure to pulmonary irritants, including dust, gases, and temperature extremes. She is limited to simple, repetitive work that does not exceed the specific vocational preparation (SVP) 2 level. She is capable of understanding, remembering, and carrying out simple routine instructions, making judgments that are commensurate with the functions of unskilled work, responding appropriately to supervision, co-workers, the public and usual work situations, and dealing with changes in a routine work setting.

5

or combination of impairments is considered "severe" if it significantly limits an individual's ability to perform basic work activities. See Stephens v. Colvin, 200 F. Supp. 3d 349, 356 (N.D.N.Y. 2016). Dr. Lorber opined that Plaintiff's cervical and lumbar spine injuries were not severe impairments, but he limited his definition of a severe impairment to one in which there is "evidence of significant pathology" on imaging studies and/or clinic examinations. (R. at 342.) He does not appear to have assessed whether Plaintiff's impairments cause any work-related limitations, basing his analysis instead on his limited definition. Compounding this error, Dr. Lorber did not consider the severe impairments found by the ALJ; he considered only Plaintiff's pulmonary limitations. (R. at 338, 341-42.) In making his RFC determination, the ALJ gave great weight to Dr. Lorber's RFC opinion and adopted his opinion nearly verbatim as his own RFC finding. (R. at 308, 311.) SSR 96-8p states that in determining RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's severe impairments.

12. Because Dr. Lorber used a limited definition of "severe impairment," his RFC formulation is incomplete. And because the ALJ relied almost exclusively on Dr. Lorber's incomplete opinion, the ALJ's RFC finding is not supported by substantial evidence and must be reconsidered. (R. at 306, 341.) This is particularly so because the ALJ also rejected the opinions of each of Plaintiff's treating physicians. (R. at 311-313.) There is further error because the ALJ failed to consider how Plaintiff's other severe limitations, which include a host of mental and physical conditions such as wrist, hip, knee, and back disorders, impacted her RFC. (R. at 306.) Remand is therefore required to allow the ALJ to properly consider Plaintiff's severe impairments and how they impact

her RFC.  The ALJ should also better explain his rejection of Plaintiff's treating physicians' opinions, if he again determines they are not entitled to controlling weight.

13. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision.  Plaintiff's Motion for Judgment on the Pleadings is therefore granted.  Defendant's motion seeking the same relief is denied.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Commissioner of Social Security is directed to EXPEDITE the re-hearing of this matter given the considerable passage of time since the filing of Plaintiff's initial application for benefits.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:  November 27, 2017
       Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge